*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MOHAMMED HAQUE,

       Plaintiff-Appellant,

v

TERESA MALARZ SNYDER,

       Defendant,

and

WILLIAM WHITTY WERKMAN,

       Defendant-Appellee.

UNPUBLISHED
December 14, 2023

No. 364936
Oakland Circuit Court
LC No. 2021-188925-NI

Before: LETICA, P.J., and O'BRIEN and CAMERON, JJ.

PER CURIAM.

In this third-party automobile negligence action, plaintiff appeals as of right the order granting summary disposition in favor of defendant, William Whitty Werkman ("Werkman"), under MCR 2.116(C)(10) (no genuine issue of material fact). Plaintiff also challenges the order denying his motion for reconsideration. We reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case involves an automobile accident in Troy, Michigan, at the intersection of Square Lake Road and John R. Road. Plaintiff was stopped at the intersection, intending to make a right turn to travel northbound on John R. Road. Werkman entered the intersection, planning to make a left turn to travel eastbound on Square Lake Road. At the same time, defendant, Teresa Malarz Snyder ("Snyder"), entered the intersection traveling northbound. Werkman and Snyder's vehicles collided. The impact of the crash caused Snyder's vehicle to collide with plaintiff's vehicle. Werkman and Snyder both claimed they entered the intersection on a green traffic signal. Plaintiff was unable to see the color of the traffic signal.

-1-

Werkman moved for summary disposition under MCR 2.116(C)(10), arguing dismissal was proper because plaintiff could not present evidence of his negligence. In support, Werkman cited plaintiff's deposition testimony, where he testified he could not see the traffic light facing John R. Road and did not know if Snyder or Werkman had a green light. Plaintiff opposed the motion, arguing a genuine issue of material fact existed. The trial court granted summary disposition. Plaintiff moved for reconsideration, but the court denied the motion. This appeal followed.

## II. SUMMARY DISPOSITION

Plaintiff argues the trial court erred when it granted Werkman's motion for summary disposition. We agree.

### A. PRESERVATION AND STANDARD OF REVIEW

Decisions on motions for summary disposition are reviewed de novo. *Bailey v Antrim Co*, 341 Mich App 411, 421; 990 NW2d 372 (2022). "A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (emphasis omitted).

> In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999) (citation omitted).]

Under the burden-shifting framework of MCR 2.116(C)(10), "the moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). If the movant meets their burden,

> The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Id*. at 362-363 (citations omitted).]

### B. LAW AND ANALYSIS

Plaintiff filed the complaint alleging negligence against Snyder and Werkman. The "traditional elements of a negligence action" are: "(1) duty, (2) breach, (3) causation, and (4) damages. . . ." *Hannay v Dep't of Transp*, 497 Mich 45, 63; 860 NW2d 67 (2014) (quotation marks and citation omitted). Werkman moved for summary disposition, arguing that plaintiff was

unable to prove that Werkman negligently caused the accident. In support of this contention, Werkman noted that there was no evidence demonstrating his negligence.[1]

Plaintiff responded, citing MCL 257.650(1), the statute governing left turns. It states:

The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to a vehicle approaching from the opposite direction which is within the intersection or so close to the intersection as to constitute an immediate hazard; but the driver, having so yielded and having given a signal when and as required by this chapter, may make the left turn and the drivers of all other vehicles approaching the intersection from the opposite direction shall yield the right of way to the vehicle making the left turn. At an intersection at which a traffic signal is located, a driver intending to make a left turn shall permit vehicles bound straight through in the opposite direction which are waiting a go signal to pass through the intersection before making the turn.

According to plaintiff, there was a genuine question of fact whether Werkman lawfully turned left at the intersection. In support of this contention, plaintiff cited his own testimony in which he described his interaction with Werkman after the accident. Plaintiff explained: "[Werkman] came to me and then he asked me, 'Was it not my signal,' because [Werkman] was not sure." Viewing this evidence in a light most favorable to plaintiff shows it is, at best, unclear whether Werkman was permitted to travel left through the intersection.

In granting summary disposition, the trial court opined that, other than the existence of an accident, there was no evidence demonstrating any party's negligence. It is true that "[t]he mere occurrence of an accident does not raise a presumption of negligence . . . ." *Postal Tel-Cable Co v Battle Creek Gas Co*, 290 Mich 481, 486; 287 NW 886 (1939) (quotation marks and citation omitted). But, plaintiff's evidence went beyond reciting the mere occurrence of an accident. Although plaintiff's evidence was not definitive proof Werkman negligently caused the accident, it was sufficient to create a question of fact. Accordingly, the jury should be given the opportunity to hear Werkman's testimony and determine whether his actions amounted to negligence. See *Price v Austin*, 509 Mich 938, 938; 972 NW2d 246 (2022) (citing to the premise when the credibility of a witness or deponent is crucial to assessing whether there exists a question of fact, summary judgment should not be granted). Because there remained a genuine question of fact as

---

[1] Plaintiff argues on appeal that Werkman failed to meet his burden of production in support of his motion for summary disposition. This argument is unpreserved because it was not raised in the trial court. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359090); slip op at 2-3 (explaining that Michigan follows the "raise or waive" rule with respect to the preservation of issues). Plaintiff offers no explanation why this Court should consider this unpreserved argument and we decline to consider it.

to Werkman's negligence, the trial court erred when it granted summary disposition. Given this conclusion, we need not consider plaintiff's argument that the trial court abused its discretion in denying plaintiff's motion for reconsideration.

Reversed and remanded. We do not retain jurisdiction.


/s/ Anica Letica
/s/ Colleen A. O'Brien
/s/ Thomas C. Cameron